## IN THE UNITED STATES DISTRICT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

PATRICK FOWLER,

      Plaintiff,

v.

JOHN E. WHITLEY, ACTING
SECRETARY, DEPARTMENT OF
THE ARMY,

      Defendant.

Civil Action No.

Jury Trial
Demand

## COMPLAINT FOR DAMAGES,
## DECLARATORY AND EQUITABLE RELIEF

Mr. Patrick Fowler, Plaintiff, by and through undersigned counsel files
this Complaint for Damages and Equitable Relief, and shows the Court as
follows:

## I.  Preliminary Statement

1.  This action seeks actual damages, declaratory, injunctive and equitable
    relief, compensatory damages, and costs and attorney's fees for race,
    disability, and sex discrimination, and reprisal based on same suffered
    by Plaintiff, Patrick Fowler ("Mr. Fowler") in his treatment by
    Defendant.

## II.    Jurisdiction

2.    This action is brought for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended and discrimination under Age Discrimination in Employment Act (ADEA). The jurisdiction of this court is invoked to secure protection and redress deprivation of rights secured by federal law which prohibits discrimination against employees because of their protected class and activities.

3.    The jurisdiction of this Court is invoked pursuant to its original jurisdiction over cases and controversies arising under federal law, pursuant to 28 U.S.C. § 1331, and all prerequisites to bringing this suit have been met. This suit is properly before the court.

4.    Mr. Fowler made timely informal Equal Employment Opportunity (hereinafter "EEO") contact regarding counseling the claims at issue in this action on or about May 24, 2018, and Mr. Fowler subsequently timely filed a formal complaint of discrimination on or about July 10, 2018. *See Formal Complaint attached.*

5.    Mr. Fowler received the Decision on April 14, 2021. *See Decision attached.* Mr. Fowler was informed that he had a right to file a civil action, within ninety (90) calendar days from the date he received the

decision. He files this action timely.

6.   Mr. Fowler has also filed an OFO appeal in another case on October 13, 2020. Mr. Fowler made timely informal Equal Employment Opportunity (hereinafter "EEO") contact regarding counseling the claims at issue in that action on or about July 21, 2017, and Mr. Fowler subsequently timely filed a formal complaint of discrimination on or about August 28, 2017. *See Formal Complaint attached.* More than 180 days have filed since Mr. Fowler filed that OFO appeal so these claims are actionable in this case.

## III.   Venue

7.   This action properly lies in the United States District Court for the Northern District of Georgia, pursuant to 29 U.S.C. § 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

## IV.   Parties

8.   Mr. Fowler was a full-time Family Programs Coordinator, GS-11 with the 3d Medical Command (Deployment Support), Fort Gillem in

Forest Park, GA at all relevant times.

9. Mr. Fowler is a resident of Henry County, GA and is a citizen of the United States.

10. The Defendant is a federal government agency and has offices throughout the United States, including in Fort Gillem, GA. Defendant is an employer, engages in an industry affecting commerce, and, upon information and belief, employs more than 500 regular employees.

## V.    Facts

11. Mr. Fowler was a full-time Family Programs Coordinator, GS-0101-11, with the 3d Medical Command (Deployment Support), Fort Gillem, GA at all relevant times.

12. Mr. Fowler has been an employee with the Army since March 2012.

13. Ms. Tiffany McDonald Alexis, Human Resources Officer, GS-0201-13, was Mr. Fowler's direct supervisor from September 2017 to April 2018.

14. Mr. Curtis Sauberan, Command Civilian Executive Officer, GS-0301-14/6, was Mr. Fowler's direct supervisor from December 2017 through at least February 2018.

15. On June 30, 2017, Mr. Fowler was not selected for the position of Family Program Director, GS-0101-12, advertised under Vacancy Numbers NCDE170155131942873D AND NCDE170155131942157.

16. Plaintiff is an qualified African American male with a physical disability and prior EEO activity who was not selected for NCDE170155131942873D or NCDE170155131942157, but instead the selectee was a white, female, no disability, no prior EEO activity.

17. Plaintiff was an excellent candidate, according to Col Crowley.

18. Based on the record, the Agency cannot meet its burden of production because it cannot point to a selecting official with knowledge to testify as to the reason for the decision.

19. The record only suggests Col. Crowley might have been the selecting official as one panel member remembered but she, also a panel member, expressly refused to state that she could recall being

so and therefore the Agency has no admissible and competent witness who can competently testify as to the rationale and who can be questioned as to whether the matter was discriminatory or not.

20. The Agency was required by federal regulation to do a full and impartial investigation.

21. Even if at this late point, the Agency tried to explain who the deciding official was, the Agency pretextually has delayed this decision and, upon information and belief, knowingly failed to follow the EEOC's regulations regarding the development of the record.

22. Upon information and belief, Mr. Sauberan, a member of the panel, constantly harassed the Family Programs Director and Coordinator, both of whom are African-American. On several occasions dating back to 2014, Mr. Sauberan treated the Family Programs section differently from other sections under his charge. Family Programs have had to provide unnecessary justification to perform their duties, forced to work alternate work schedules that

do not further the mission of the section and were not allow to attend required training.

23. Plaintiff was a witness in an EEO complaint against Mr. Sauberan at all relevant times.

24. Plaintiff was better qualified, had actually held the position, received high scores, and the scoring was very subjective because it just asked for order rating.

25. Plaintiff engaged in EEO activity when he filed a formal complaint in July 2017 and was also listed as a witness in another complaint filed by a previous supervisor.

26. Mr. Fowler was diagnosed with migrain headaches, lumbar strain, and left hip strain. He also takes medication for depression, anxiety, and panic attacks.

27. Since September 2017, Ms. Alexis has excluded Mr. Fowler from discussions regarding operations and his responsibilities.

28. Ms. Alexis has not provide a reason why she for this period stopped talking to him about his work.

29. In fact, she claims Mr. Fowler was never excluded from conversations, which Mr. Fowler disputes as false.

30.    Instead of working with Mr. Fowler, Ms. Alexis had a co-worker
       of Mr. Fowler's do it for her.

31.    This is something that would dissuade a reasonable employee from
       engaging in protected activity.

32.    From November 2017 to present, Mr. Fowler's evaluation was
       delayed, which affected his eligibility for performance awards.

33.    The Agency failed to gather comparative evidence on the
       evaluation issues despite being required by federal regulation to do
       so.

34.    The delay in the evaluation was nearly half a year.

35.    They Agency has stated the delay was because they could not open
       records; this is false and pretextual explanation.

36.    From December 2017 to present, Mr. Fowler's request for
       compensatory time has been delayed or denied.

37.    The Agency failed to gather comparative evidence on the
       compensatory time issue despite being required by federal
       regulation to do so.

38.    On April 9, 2018, Ms. Alexis denied Mr. Fowler's request for
       travel to conduct training.

39.    Another member of management told Plaintiff that his request for
       travel to conduct training should not have been denied.

40.    Specifically, Ms. Alexis stated the training was not part of his job
       and he did not have to go. He explained he was going to the training
       to perform in various capacities and she replied it was not part of
       his job. He spoke to Brigadier General (BG) Stephen Sauter,
       Deputy

41.    Commanding General about this matter. BG Sauter apologized to
       him stating he should have

42.    been allowed to attend the training

43.    Defendant is liable for its actions.

## VI.    Count I: Violation of Title VII of the Civil Rights Act of 1964 based on race (disparate treatment).

44.    Mr. Fowler incorporates by reference the preceding paragraphs of this
       complaint as if fully set forth herein.

45.    Mr. Fowler is African American and part of a protected class.

46.    Any employment actions were not free from discrimination based
       on race and/or were because of race. This includes the non-
       selection, the exclusions from conversations, the delay in the

evaluation, the denial of failure to approve compensatory time,

and the denial of training.

47.     Defendant subjected Mr. Fowler to race discrimination in

violation of Title VII, causing Mr. Fowler damages.

## VII.    Count II: Violation of Title VII of the Civil Rights Act of 1964 based on sex  (disparate treatment).

48.     Mr. Fowler incorporates by reference the preceding paragraphs of this

complaint as if fully set forth herein.

49.     Mr. Fowler is male and member of a protected class.

50.     Any employment actions were not free from discrimination based on

sex and/or were because of sex. This includes the non-selection, the

exclusions from conversations, the delay in the evaluation, the denial

of failure to approve compensatory time, and the denial of training.

51.     Defendant's actions constitute unlawful sex discrimination in

violation of Title VII causing Mr. Foweler damages.

## VIII.   Count III: Violation of Title VII of the Civil Rights Act of 1964 based on disability (disparate treatment).

52.     Mr. Fowler incorporates by reference the preceding paragraphs of this

complaint as if fully set forth herein.

53.     Mr. Fowler has disabilities.

54.     Any employment actions were not free from discrimination based on disability and/or were because of disability. This includes the non-selection, the exclusions from conversations, the delay in the evaluation, the denial of failure to approve compensatory time, and the denial of training.

55.     Defendant's actions constitute unlawful disability discrimination in violation of of Title VII causing Mr. Fowler damages.

## IX.     Count IV: Violation of Title VII of the Civil Rights Act of 1964 based on retaliation (disparate treatment).

56.     Mr. Fowler incorporates by reference the preceding paragraphs of this complaint as if fully set forth herein.

57.     Mr. Fowler engaged in protected activity and was a member of a protected class.

58.     In July 2017, Mr. Fowler filed an EEO complaint and participated in as a witness in another complaint filed by a previous supervisor.

59.     Any employment actions were not free from discrimination based on reprisal and/or were because of reprisal. This includes the non-selection, the exclusions from conversations, the delay in the

evaluation, the denial of failure to approve compensatory time, and the denial of training.

60.   Defendant's actions constitute unlawful retaliation in violation of Title VII causing Mr. Fowler damages.

**Prayer for Relief**

61.   Wherefore, Mr. Fowler prays that this Court:

a.   declare the conduct engaged in the Defendant to be in violation of his rights,

b.   award Mr. Fowler compensatory damages;

c.   award Mr. Fowler costs and attorney's fees; and

d.   grant such other relief as it may deem just and proper.

**Jury Demand**

62.   Mr. Fowler requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted today,

**SOUTHWORTH PC**
1100 Peachtree St. NE, Suite 200, Atlatnta GA, 30309 | 404-585-9095

_____
Shaun Southworth
GA State Bar No. 959122

_____
Ianna Richardson
GA State Bar No. 655153